I respectfully concur in part and dissent in part from the majority decision to affirm the Deputy Commissioner's Opinion and Award in this case.
I concur with that portion of the majority Opinion and Award that concludes that the actions of the Department of Transportation (DOT) do not rise to a level of negligence sufficient to support petitioner's claim in this case. However, I believe it is important to note in the findings of fact that the DOT personnel originally arrived on the scene at the western side of the washed out bridge. They had only enough barricading equipment to effectively close off one side of the bridge, and they chose to leave the area, drive a circuitous route for approximately 15 minutes and approach the bridge from the eastern end to close off that side first. As DOT personnel was placing the barricades up on the road approaching the eastern end of the bridge, they heard the sound of petitioner's crash. Had the DOT personnel placed the barricades up where they were instead of taking them around to the other side, petitioner's accident would not have occurred. As stated above, while in my opinion these actions do not rise to the level of actionable negligence, I believe the findings of fact should accurately reflect the circumstances of the incident for the possibility of subsequent review.
I respectfully dissent from the finding of fact and conclusion of law in the majority Opinion and Award which finds that petitioner's actions constituted contributory negligence and as such would bar his claim. First, such a finding and conclusion is superfluous, given that the majority has found and concluded that respondents are not guilty of any negligent behavior. Absent a finding of negligence on the part of respondents, a finding of contributory negligence is unnecessary. Second, I do not believe that the facts support a finding of contributory negligence. The emergency vehicle was parked with two tires on the road and two tires on the grass road side. There was no person outside the vehicle directing motorists, yet the majority concludes that petitioner should have determined that he should have "stop[ed] to see what was the matter." In my opinion, it is more plausible that a driver passing by would assume that the emergency vehicle was present for activities occurring off the side of the road and, upon determining that nothing was impeding his progress, continue on his way. In fact, in most cases cars are encouraged to continue past an emergency scene without stopping and thereby creating further dangerous conditions. In addition, the majority attaches some significance to petitioner's failing to see the danger ahead because he was "looking around and in his rear view mirror" at the driver of the emergency vehicle who had gotten out of the van and was waiving a flashlight at petitioner. I believe it is unfair to charge petitioner with negligent behavior for being distracted by the actions of an emergency worker which were designed by the emergency worker to accomplish the distraction.
For these reasons, I concur with the majority in denying petitioner's claim but I would include additional findings of fact, and I dissent from the majority decision to find contributory negligence on the part of petitioner.
This the ___ day of April, 2002.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER